The next and last case on our calendar for argument this morning is No. 17-1513, Hall v. United States. Good morning, Your Honor. Jonathan Edelstein for the Defendant Appellant, Benjamin Hall. May I proceed? Please do. In the Gomez-Perez and the Ridley cases, this Court held that appeal waivers and collateral attack waivers are not enforceable where there's a violation of fundamental rights. And although the Gomez-Perez case and then later the Ridley case listed four specific rights that this Court deemed to be fundamental, those were not exclusive. This Court used words like such as and for example. So it was never the case that those four rights were the only ones that were fundamental. And the defendant in this case admits that the right at issue in his underlying 2255 motion is as fundamental as it gets. He made the argument that based on the Davis case, the conduct to which he allocated was not a federal crime. And I would submit it does not get much more fundamental than that. We have cited in the briefs the Bonilla case, which has differentiated claims involving defects in a sentence from claims involving the underlying conviction. I would. So, Mr. Adelstein, let me interrupt you there. I was wondering whether one might make the argument that 924C is in effect more similar to a sentencing case than a situation in which you have, you know, manslaughter on one hand and robbery on another. And the way of doing manslaughter is then overturned and therefore you have two really quite separate convictions and a waiver might not apply in that case. Whereas here, the 924C conviction is tied to Hobbs Act robbery and the conspiracy in a kind of fundamental way. 924C basically implements a sentencing minimum. Why is that analysis incorrect in your view? Well, in my view, first of all, there are many crimes that involve or incorporate in some way other crimes such as felony murder. You know, felony murder is a separate crime from the underlying felony, which requires proof of an additional element. It's the same thing with 924C. 924C is not merely a sentencing statute. That statute creates a crime of using or carrying or displaying, you know, depending on which flavor of 924C is at issue, making some use of a firearm in connection with a crime of violence. And one of the elements is indeed the underlying crime of violence. But then it's the use of the firearm that makes this into a separate and additional crime. And the statute requires that it be sentenced separately from the underlying crime. That there is a sentence to be imposed for the use of a firearm which has to be consecutive to the sentence for the underlying crime. So, I would submit for that reason, 924C cannot be considered part of the same crime or just a mere sentencing enhancement to the underlying crime. I mean, there's already sentencing guideline enhancements for use of a firearm which have been at issue in other cases than Davis. So, this is something different from that. This is a distinct criminal statute that creates a distinct crime. I think Judge LaValle has a question for you. Is Judge Kearse here? Of course, Judge Kearse. What do you make of our decision in Johnson that the applicability of a 924C provision does not require the defendant to be convicted of or even to be charged with the predicate crime, so long as there's legally sufficient proof that the predicate crime was in fact committed? Well, I would submit that that actually bolsters my argument that 924C is a separate crime because if you don't even have to be convicted of another underlying crime in order to be convicted of 924C, then I would submit that shows that 924C is an independent crime. Continuing on, the government has argued that if that a plea agreement, one of the risks you take in a plea agreement is that there may be a subsequent favorable change in the law. But that, again, doesn't apply to everything. Where there has been a change in the substantive criminal law that renders the conduct of conviction not a crime, the Bowsley case and I think the Fiore and Bunkley cases cited in the briefs very clearly indicate that this doctrine of accepting or assuming the risk does not apply. That it has to yield to the fact that someone can't be held in prison and continue to be incarcerated for conduct that the courts, the highest court in the country, have determined not to be criminal. And that's where in the reply brief, we made the point in response to an argument by the government that this would not even encompass every challenge to a conviction. For instance, if there is a change in suppression law or a change in evidentiary law that might cast doubt on whether a plea was really knowing and voluntary. For instance, if there's a decision that says that the defendant would have had a viable suppression motion if he hadn't pled guilty. That's something that I think this court can reasonably say that a defendant assumed the risk of. But where a defendant makes an argument that if accepted by the court would result in a finding that he didn't commit a federal crime, I would submit that has to yield. Mr. Adelfine, I'm going to interrupt you. And you're just about at the end of your time here. But if we agree with you on the waiver, you still need to succeed on the merits on plain error review. And I believe that then Mr. Hall would need to show that his fundamental rights were affected, which we'd ordinarily understand that he would not have entered this plea deal absent the error in understanding the 924C conviction. What do you point to to suggest that he would not have entered the plea agreement? Or do you disagree with that standard? I disagree that there would be that standard of plain error review where there's been a subsequent change in the law. This is not something that could have been anticipated at the time of his plea. And I would think it's also self-evident that if a plea is to conduct that's not actually a federal crime and that doesn't actually support a federal prison sentence, there's certainly a reasonable chance that the defendant wouldn't have entered into that plea, might have entered into a different plea matrix that didn't involve a 924C. Yeah, I suppose if we're doing counterfactuals, we could peddle backwards until the government decided to charge differently also. But in this case, Judge Kearse here, in this case the government did charge not only conspiracy, Hobbs Act conspiracy, but Hobbs Act robbery. And that robbery charge remained in the case until after sentence and then the count for was dismissed. But under our decision in Johnson, if there's evidence in the record, legally sufficient proof in the record that Hobbs Act attempted robbery was committed, that's sufficient for the applicability of 924C. I would submit that there's not sufficient proof in this record because the defendant, Mr. Hall, pled guilty to conspiracy. And then when it came to the 924C allocution, he didn't plead guilty to count five as pled in the indictment, but to a lesser included. And then the court allocated him to using and carrying a gun in connection, this is at 64 of the appendix, using or carrying a gun in connection with the conspiracy to commit that robbery of a drug trafficker. So all he admitted to and all he was asked to admit to was using or carrying a gun in connection with a conspiracy. Suppose he had said that he admitted the evidence showed that Steele and Delsed were the perpetrators of an attempted robbery with the help of Mr. Hall. And Hall acknowledges that he was an active participant in the offense conduct. Wouldn't that be sufficient? This is going back, I think, to my argument that 924C is a separate crime. How about answering my question? I apologize, Judge. I was getting around to what I hope is an answer, which is that if Mr. Hall admitted that there was a robbery that these co-defendants carried out and he was an active participant in it, that still doesn't amount to an admission that his use and carrying of the gun was in connection with the attempt stage rather than the conspiracy stage of this crime. Not even if he talks about the attempted robbery in which he participated. Yes. I mean, if he were to admit that, yes, I used or carried a gun in connection with an attempted robbery that I participated in. He doesn't have to be the one who's actually carrying the gun, though, does he? Well, what he was asked to allocute to was, did you, together with Steele and Ringo Delsed, use and carry a gun in connection with a conspiracy? So I think he would have to admit that the gun was carried either by him or at least by Steele or Delsed during the stage of the crime when it went beyond the conspiracy into an attempt. And I would point out also that this court has vacated Mr. Delsed's plea in light of Davis. Judge Kirsch, do you have any further questions at this point or shall I let Mr. Adelstein sit down, as it were, and we'll hear from the government? I'm done with my questions. Thank you. Very good. We'll hear from the government then. And Mr. Adelstein, you have three minutes rebuttal. Good morning, and may it please the court. My name is Alexandra Smith, and I represent the United States. I'd like to start with the second issue that your honors were just discussing with respect to the plea proclaim and the plea agreement. And I'll just note at the outset to respond to my opponent that Mr. Delsed actually was sentenced above the plea waiver, which is why he was appealed originally, and then this court considered the Davis issue. And so the appeal waiver was not actually at issue in that co-defendant's case. With respect to the plea called plea itself, I think it's very clear that Judge Glasser walks the defendant through both counts and that the defendant understood that count five was predicated both on count three and count four. This argument about the lesser included count for count five is a red herring. As you know, a 924C includes multiple offenses within it, depending on the way in which the gun was used in connection with the crime of violence. So if it was used or carried, there's a five-year sentence. If it was brandished, it's a seven-year sentence. And if it was actually discharged, it's a 10-year sentence. Here, the defendant pled to a lesser included offense within 924C, simply meaning that he was charged and allocuted to the use and possession of the gun in connection with the crime of violence, which is the five-year chart, which is the lowest level available within the 924C. That's actually the charge that was in the superseding indictment itself. And so the idea that there was a lesser included and that somehow that impacts whether it was predicated on two counts versus one count is incorrect. That merely goes to the nature of the way that the gun was used in connection with the crimes itself. To focus on the plea colloquy, as I said, Judge Glass was very careful in the way that he walked the defendant through the charges. The plea agreement itself specifically references count five of the above-captioned superseding indictment, which lays them both out. The district court asked him if he had reviewed the indictment with his counsel and understood it. The defendant said that he had. And then he specifically advised the defendant not only of the elements of count three, which was the conspiracy that he was pleading to, but then said he was going to be pleading to count five, which meant using or carrying a firearm, quote, during and in relation to one or more crimes of violence, namely the crime charged in count three, which I've just read to you, and the crime charged in count four. And that's Appendix A-52-53. And it's really significant because that's the section of the plea colloquy where the judge was actually explaining the charges. And again, the defendant said he understood it. He had spoke to it with his, discussed it with his counsel. And then, as you know, there's a whole back and forth about the gun because in connection with the attempted robbery, which was charged both as the attempted robbery and as the conspiracy, there was actually a firearm and ammunition recovered. The defendant forfeited his right to that and in connection with the plea colloquy and as well as in connection with the plea agreement. So I think there's no question here that that attempted robbery, which was charged in two separate ways and is referred to in count five separately, referencing count three and count four is something that the defendant understood at the time that he was pleading. And he has not made a showing here that there's any evidence that he would have not pledged to the 924C if it was predicated only on the conspiracy count. Other than the part that you just read, Judge Kearse here, other than the part of Judge Glasser's instruction that you just read, was there any other mention of count four? Later on, the court says, I'm going to ask you some questions about count three and five. Was there any other discussion of count four? Count four was Hobbs Act robbery itself, right? Or attempted robbery. Right. It was an attempted robbery because the robbery was interrupted midstream. That is the only specific mention of count four. However, I think it makes sense in that the defendant was pleading to count three and count five. And so like I said, count five specifically encompasses and states that it's based on count three and count four that's in the plea agreement is in the indictment itself. The defendant was asked, he reviewed it with counsel. And as the judge is explaining what count five is, he explains that it's predicated both on count three, which he obviously needs to explain separately because the defendant is allocating to the elements of count three and count four. So that is the one place where it's discussed, but it makes sense because that's the one place where the elements of count five are actually discussed. My understanding, Judge LaValle here, it was my understanding that while the allocution that you just mentioned opened up, began by, in the manner that you described, indeed, you read from it in a manner that could have been completed by an allocution to the conspirator one or both of the attempt. It was my understanding that the judge introduced it by reference to both conspiracy and attempt, as it was completed by the defendant's admission of facts and so on, the only issue was the conspiracy portion and not the attempt portion. So why is that not a problem for your argument? Are you relying on the proposition that there's no indication that he wouldn't have pleaded guilty if he had been required to allocate to the attempt portion? Well, I certainly think that's true. I mean, as Judge Carney said, we could go into many counterfactuals about what would have happened had we sort of understood the law as it is now at that time. I think there's no question that we either would have pleaded differently or we would have insisted on a different plea, which sort of goes to the waiver arguments that we made in our brief. But we're not relying solely on that. The portion that the defense references is sort of later on after the court has walked the defendant through what the charges are and confirmed that the defendant understands those charges and read the indictment and discussed it with his attorney. He then, in actually taking the allocution, does refer to count five sort of by shorthand and says, you know, you're going to plead to these charges, which again he described at length and referred to the conspiracy to commit robbery, which is count three, and then the gun charge in connection with that robbery charge, which I think is sort of what the defense focuses on. I think it's significant that that comes again after the full recitation of what count five actually is, and it's not inaccurate to say that count five was in connection with the conspiracy charge, but as we discussed, the conspiracy and the attempted robbery, they're both July 10, 2013, it's the same crime, and it was very clear that that count five was predicated on both because there was a discussion that count five, the gun charge was based on two separate crimes. And so I think the fact that the judge sort of shorthanded that a little bit later after walking everything through in more detail doesn't undermine the fact that, you know, the defendant knew was on notice by the plea agreement, based on a count that charged two separate predicates. He was on notice that he was being charged under two alternative theories, either one of which would have been satisfactory, but the one that, as I understand it, the one that he acknowledged was the one that was later declared to be found to be unconstitutional. So I think I would disagree with that reading of the transcript. He pled guilty to count five. He did not specifically say, I'm only pleading based on the underlying conspiracy and not on the attempt. He's pleading to count five as explained to him. But what he acknowledged was, what he acknowledged in response to the judge's questions was facts that would support liability based on the conspiracy part. If he had been charged, if he had been charged only on the attempt basis, what he acknowledged would have been an inadequate acknowledgement to be a plea to the attempt portion. Well, so the defendant was actually pleading to count three, which is a conspiracy. And so he would walk through those elements and agree to that. And then there was a gun in connection with the underlying robbery, which had been charged both as count an attempt and the conspiracy. So I think that, you know, I think we would just simply disagree that because he acknowledged the elements of the- And although there's some discussion of attempt, and there's this mention of one or more crimes of violence in the plea colloquy at 852, the package was those two crimes, one of which was then invalidated. So we're kind of looking through the record to see if he allocated to facts, which would have supported a conviction on something that he didn't actually plead to. Is that right? No, I understand what you're saying. I think, again, that the plea colloquy was focused on the conspiracy elements. That said, again, it was the exact same crime. And so the fact that he allocated to participating in that crime with two other people and participated in it himself directly could be seen as satisfying the elements of the attempt as well. Okay. Thank you very much. Unless my colleagues have any further questions, I think that concludes your argument and we can move to rebuttal. Briefly, Your Honors. The part of the plea colloquy that my opposing counsel has characterized as shorthand is the part where the district judge was asking Mr. Hall what he actually admitted to and what his conduct actually was. That's the very heart of the plea. That's the admissions that are made in the record by the defendant. I don't think that we can just dismiss the questions concerning the defendant's admissions as shorthand. That's not shorthand. That's what he admitted to. That's what he pled guilty to. There may have been preliminary discussion before that regarding the nature of the charges in the indictment, but he didn't plead guilty to the indictment. He pled guilty to a lesser included. And the nature of that offense, as this court has held in cases such as Adams and Marr, which is cited in the reply brief, is determined by the parameters of the defendant's admissions. That when the court asks, did you together with Steele and Ringo Delsed use or carry a gun in connection with the conspiracy to commit that robbery of a drug trafficker? And the defendant answered, yes, that's not shorthand. That's the plea. And going to the Delsed case, opposing counsel correctly pointed out that there was not a waiver at issue in Delsed because he was sentenced above the waiver. But what that means is that once the waiver in Delsed was overcome, this court determined that his plea did not, in fact, was not in fact valid under Davis. So if the waiver is overcome in this case, which we've argued it should be, and that wasn't really addressed in the government's argument, so I won't really rebut on that. But if the waiver is overcome in this case, then the result here should be the same as it was in Delsed. Once the merits are reached, this plea is not a valid plea. If the court has nothing further, I'll rest on the briefs. Thank you very much. Thank you both for your arguments. We will reserve decision.